PER CURIAM.
This disciplinary proceeding against John Orman is before us on complaint of The Florida Bar and report of the referee. No review is sought by either the Bar or respondent. Orman admitted each of the five counts of the complaint through an unconditional guilty plea. The referee found him guilty as charged and recommends that Or-man receive an eighteen months’ suspension and that he be required to make restitution to several named clients.
*1024 Orman accepted a retainer of $740 from a client who desired to obtain a patent for his invention, but Orman failed to file the patent after continually promising the client that he would do so by a certain date. Because of Orman’s lengthy delay in handling the matter, the client requested return of his files and money. Orman failed to return either the files or money. A year after the client’s request for the filing of the patent, Orman had filed nothing concerning his client’s patent application. Or-man also agreed to represent another client in a possible copyright infringement and received a $360 legal fee. He notified the client by letter several months later that a settlement had been reached, but he had no subsequent communication with this client. Orman received a settlement check on his client’s behalf in the amount of $500, made payable to Orman, along with a General Release. He caused this cheek to be cashed, forwarded no portion of the settlement to his client, and failed to send the General Release to his client. Further, Orman falsely reported to the Supreme Court of Florida in a petition for reinstatement that there were no disciplinary matters pending against him when he knew or should have known that there were three disciplinary matters pending against him. Due to Or-man’s inaction in another case where his client was seeking two United States patents, the patent applications were abandoned by the Patent and Trademark office. Orman knew or should have known that his inaction would result in this abandonment. Moreover, at no time did he advise his client of the abandonment of the patent applications, and, in fact, he represented to his client on several occasions that the patent applications were alive, well, and moving forward to eventual issue. Finally, he delayed filing a patent application of another of his clients for approximately nine months, which delay was not in the best interest or with the consent of his client. Orman advised this client that she could manufacture the item and label it “patent pending” although he knew that the patent application had not been filed.
The referee recommends and we agree that Orman be found guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1 — 102(A)(4), (5), and (6),[1] 6-101(A)(2) and (3),[2] 7-101(A)(l), (2), and (3),[3] and 9-102(B)(4)[4] and Florida Bar Integration Rule, article XI, Rule 11.-02(4).[5]
During the hearing before the referee, The Florida Bar requested that the referee recommend an eighteen months’ suspension *1025 plus restitution on the various counts as alleged in the complaint. We adopt the referee’s recommendation that John Orman be suspended from the practice of law for eighteen months and that he make restitution to Dr. Guerriere of $740, to Rutenberg Homes of $500, and to Mr. and Mrs. Gonzalez of $800.
Accordingly, John Orman is hereby suspended from the practice of law in Florida for eighteen months and thereafter until he shall prove his rehabilitation as required by Florida Bar Integration Rule, article XI, Rule 11.10(4). He is also ordered to make restitution to Dr. Guerriere, Rutenberg Homes and Mr. and Mrs. Gonzalez. This suspension shall be effective February 22, 1982, thereby giving Orman thirty days to close out his practice and to take necessary steps to protect his clients. It is ordered that Orman shall not accept any new business. Costs of these proceedings are assessed against respondent in the amount of $489.75.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.

. DR 1-102 provides in pertinent part:
(A) A lawyer shall not:
[[Image here]]
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

. DR 6-101 provides in pertinent part:
(A) A lawyer shall not:
[[Image here]]
(2) Handle a legal matter without preparation adequate in the circumstances.
(3) Neglect a legal matter entrusted to him.

. DR 7-101 provides in pertinent part:
(A) A lawyer shall not intentionally:
(1)Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7-101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.
(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105.
(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102(B).

. DR 9-102 provides in pertinent part:
[[Image here]]
(B) A lawyer shall:
[[Image here]]
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

. Rule 11.02(4) provides trust accounting procedures for attorneys.